# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD RAY BRITTON, (TDCJ-CID #1657318) | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-12-0718 |
| C. WALKER, | § § § | |
| Defendant. | § | |

## MEMORANDUM ON DISMISSAL

Plaintiff Donald Ray Britton, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), has filed a complaint under 42 U.S.C. § 1983, alleging that prison officials have violated his civil rights. He proceeds *pro se* and *in forma pauperis*. In this suit, Britton sues C. Walker, an employee at the Wynne Unit. Britton alleges that Officer Walker subjected him to an excessive use of force and injured his shoulder.

In an order entered on September 3, 2014, this court noted that it had made three attempts to serve the named defendant, C. Walker, but none had been successful. (Docket Entry No. 37). This court ordered Britton to show cause by October 10, 2014, in writing why this case should not be dismissed for lack of service. FED. R. CIV. P. 4(m). This court admonished Britton that failure to comply as directed within the time specified may result in dismissal of this action for want of prosecution.

In an order entered on October 6, 2014, this court granted Britton's motion for extension, (Docket Entry No. 41), and ordered him to show cause in writing why this case should not be dismissed under FED. R. CIV. P. 4(m) for lack of service by November 18, 2014.

Britton has filed a response, (Docket Entry No. 44), a motion for extension, (Docket Entry No. 42), and a motion for service, (Docket Entry No. 43).

The Federal Rules of Civil Procedure authorize service on an individual by complying with state-law service requirements. FED. R. CIV. P. 4(e)(1). Rule 4(e)(1) provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id.*

Rule 109 of the Texas Rules of Civil Procedure provides for service by publication, as follows:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such person is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, . . . the clerk shall issue citation for such defendant for

> service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant . . . before granting any judgment on such service.

TEX. R. CIV. P. 109. Courts have noted that "[s]ervice by publication is the method of notice which is least calculated to bring to the potential defendant's attention the pendency of a judicial action." *In re Marriage of Peace*, 631 S.W.2d 790, 794 (Tex. App. - Amarillo 1982, no writ). Thus, the trial court has a "mandatory duty to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant." *In re Marriage of Peace*, 631 S.W.2d at 792 (citing *Wilson v. Rogers*, 343 S.W.2d 309, 323 (Tex. Civ. App. - Houston 1961, writ ref'd n.r.e.)); *Manley v. Parsons*, 112 S.W.3d 335, 338 (Tex. App. - Corpus Christi 2003, pet. denied).

Britton moves for service by publication. But he has not provided a declaration stating information about his attempts to serve Walker or other research to find an address for him. Britton's reference to these topics in the motion does not comply with the rule and are not detailed enough for the court to decide the issue. *See* TEX. R. CIV. P. 109; *In re Marriage of Peace*, 631 S.W.2d at 792, 794. Britton's motion for service, (Docket Entry No. 43), is insufficient to meet the Rule 109 requirements. *See Wilson*, 343 S.W.2d at 322–23.

Federal Rule of Civil Procedure 4(m) provides:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

If the plaintiff is authorized to proceed *in forma pauperis*, the court must, on plaintiff's request, order that service be made by the United States Marshal. FED. R. CIV. P. 4(c). A court may consider the fact that plaintiff is representing himself in deciding whether to dismiss a case for failure to effect service. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). However, *pro se* status does not excuse a plaintiff's failure to effect service. *Id.; Bartz v. Adrian*, No. 05-10566, 2006 WL 468280 at *1 (5th Cir. Feb. 23, 2006).

In total, Britton has had over two years to serve Walker. The court has ordered the United States Marshal to try to do so. An initial order for service was entered July 11, 2013. (Docket Entry No. 17). The Attorney General's Office of Texas advised the court that the defendant no longer worked for the TDCJ and provided a home address. (Docket Entry No. 18). An order for service under seal and scheduling order was entered on September 10, 2013. (Docket Entry No. 24). Service was returned unexecuted on November 19, 2013. (Docket Entry No. 28). A third order for service under seal was entered on April 15, 2014. (Docket Entry No. 33). Service was returned unexecuted on May 14, 2014. The U.S. Marshal indicated that a person who identified herself as Walker's mother refused to provide his current address. (Docket Entry No. 36).

This court has made three attempts to serve defendant Walker, without success. The record is insufficient to find that service by publication would be appropriate. Dismissal for want of prosecution is warranted. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995); 8 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 41.51(3)(b) & (e) (3d ed. 2010). Upon a proper showing, relief from this order may be granted in accordance with FED. R. CIV. P. 60(b). *See Link*, 370 U.S. at 635.

Britton's claims against C. Walker are dismissed for failure to effect service. Britton's motion for extension, (Docket Entry No. 42), and motion for service, (Docket Entry No. 43), are denied.

SIGNED on November 12, 2014, at Houston, Texas.

                                                      Lee H. Rosenthal
                                          United States District Judge